IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| IN RE: PILGRIM'S PRIDE<br>FAIR LABOR STANDARDS<br>ACT LITIGATION | MDL DOCKET No. 1:07-CV-1832 |
| THIS DOCUMENT RELATES TO: | JURY DEMANDED |
| All Actions | |

### PLAINTIFFS' OBJECTION TO AGREED REQUEST FOR SUGGESTION OF REMAND OF DOL LITIGATION

#### I.     INTRODUCTION

Plaintiffs in all private actions ("Plaintiffs") before this Court object to the Agreed Request for Suggestion of Remand of the Department of Labor's ("DOL") action, *Solis v. Pilgrim's Pride Corp.*, No. 3:07-cv-1352-B, (N.D. Tex.) ("Request for Remand") as significant opportunities for coordinated pretrial proceedings remain.[1] The Request for Remand is premised on the assumption that the private Plaintiffs' action will remain subject to the automatic bankruptcy stay and that resolution of Plaintiffs' action "will most likely occur in the bankruptcy court." Request for Remand at 4-5. However, on June 16, 2009, after hearing argument on Plaintiffs' Motion for Relief from the Automatic Stay, the Bankruptcy Court granted Plaintiffs limited relief from the automatic stay, authorizing the parties to begin discovery. *See* Proposed Agreed Order on FLSA

---

[1] On June 22, 2009, the United States Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court") granted Plaintiffs' Motion for Limited Relief from the Automatic Stay for Purposes of Filing an Objection to Agreed Request for Suggestion of Remand of the DOL Litigation. Agreed Order, attached as Ex. 1. Defendant Pilgrim's Pride Corporation ("Pilgrim's") did not oppose this motion. *Id.* at 3. Accordingly, Plaintiffs respectfully submit their objection to a remand of the DOL action.

MDL Pls' Mot. for Relief from the Automatic Stay, attached hereto as Ex. 2 (jointly submitted by parties to Bankruptcy Court June 29, 2009). Thus, discovery in the DOL action and the private Plaintiffs' action may be readily coordinated.

Pursuant to the Bankruptcy Court's request, on June 26, 2009, Plaintiffs in this MDL action along with Plaintiffs in the South Carolina Litigation, *Benbow v. Gold Kist, Inc*., No. 3:06-cv-2751 (D.S.C.), ("SC Plaintiffs"),[2] submitted a Proposed Expedited Discovery Schedule for coordinated discovery, and a memorandum in support, attached as Ex. 3. In consideration of Pilgrim's expressed desire to resolve these matter on an expedited basis, the Plaintiffs' joint proposal permits the parties to conduct the necessary discovery to ensure that a estimation hearing can be completed by the time of plan confirmation, if necessary, or if such a hearing is not required, to enable the parties to hold an expedited trial on the merits.[3] *Id.* As this Court has acquired extensive experience with the issues in this litigation, Plaintiffs in this action and the SC action have proposed that this Court supervise discovery pursuant to an expedited version of the discovery framework set out in the discovery order issued by this Court on November 25, 2008 (MDL Dkt. 60). Plaintiffs propose that at the conclusion of discovery, this Court would then hold either a trial or estimation hearing in this action. The Bankruptcy Court has set a Status Conference on Plaintiffs' Motions for Relief from the Stay for June 30, 2009.

This Court's role in overseeing discovery and resolution of this action has yet to be decided. For this reason alone, the Request for Remand is premature, as significant opportunities for coordinated discovery remain. The Judicial Panel on Multidistrict Litigation ("JPML") has already determined that the DOL action "seeks relief on a company-wide basis . . . and involves common

---

[2] The SC litigation raises similar overtime claims concerning 11 of Pilgrim's facilities that were formerly owned by Gold Kist, and which are not included in the MDL Plaintiffs' action,

[3] Pilgrim's has represented a goal of emerging from bankruptcy in November 2009.

2

questions of fact with the actions in this litigation previously transferred" such that coordinated pretrial proceedings, "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *Id.* Even if discovery in the Plaintiffs' and DOL actions are not contemporaneously coordinated, this Court possesses a familiarity with the common legal and factual issues in these actions, such that the Court's continued oversight of the DOL action will provide efficiencies to all parties and the judiciary. *See, e.g., In re Patenaude,* 210 F.3d 135, 144 (3d Cir. 2000) ("To be coordinated, it is not necessary that common issues are being contemporaneously addressed."); *Hockett,* 498 F. Supp. 2d at 36-38 (benefits of coordinated proceedings extend to all pretrial proceedings, including resolving summary judgment motions). As such, this Court's continued coordination of the DOL action "will further the expeditious resolution of the litigation taken as a whole," and best serve the original goals set forth by the JPML in transferring this action. *See* DOL Transfer Order, 1:08-1011-HFB., Feb. 15, 2008, (Dkt. 1).

## II.   PROCEDURAL BACKGROUND

1. On February 15, 2008, the JPML transferred the DOL action to this Court for coordinated pretrial proceedings. *See* DOL Transfer Order, 1:08-1011-HFB, Feb. 15, 2008, (Dkt. 1). The DOL action requests company-wide injunctive relief for violations of the FLSA as well as overtime compensation and liquidated damages for certain chicken processing employees at a single plant in Dallas. *See* First Am. Compl., *Solis v. Pilgrim's Pride Corp.,* No. 3:07-1352-B (N.D. Tex. Oct. 24, 2007, at 1, 3-4 (Dkt. 8) ("DOL Am. Compl."); Secretary's Br. in Support of Mot. to Vacate Conditional Transfer Order 3, MDL No. 1832 (J.P.M.L. Nov. 20, 2007), ("Secretary's Brief"), at 10, attached hereto as Ex. 4.

2. On December 2, 2008, Pilgrim's filed a Notice of Suggestion of Bankruptcy in this Court stating that Pilgrim's filed a voluntary petition for bankruptcy protection in the Northern

District of Texas under Case No. 08-45664, which operates as an automatic stay of proceedings against the debtor. (MDL Dkt. 63).

      3.      On December 8, 2008, the Secretary filed a Response to Defendant's Notice of Suggestion of Bankruptcy, which states that the DOL's enforcement action against Pilgrim's is not subject to the automatic stay pursuant to Section 362(b)(4) of the Bankruptcy Code, which exempts the Secretary's FLSA enforcement action from the automatic stay provision of the Code. 11 U.S.C. § 362(b)(2) and (4). *See* Secretary's Resp. to Def's Notice of Suggestion of Bankruptcy, Dec. 8, 2008 (MDL Dkt. 64). The Secretary may obtain a monetary judgment from the court; however, any liquidated monetary judgment obtained must be pursued through the Bankruptcy Court. *Id*.

      4.      On February 5, 2009, Plaintiffs moved the Bankruptcy Court for relief from the automatic stay. *See* Pls.' Mot. for Relief from Stay, *In re Pilgrim's Pride Corp.*, No. 08-45664-DML (Bankr. Ct. N.D. Tex. Feb. 5, 2009), (Bankr. Dkt. No. 777), Ex. 5.

      5.      On May 12, 2009, the parties agreed to adjoin the hearing set for May 18, 2009 on Plaintiffs' Motion for Relief from the Stay, to permit the parties to engage in a mediation process to attempt to resolve Plaintiffs' claims. *See* Notice of Adjournment of Hearing, May 12, 2009, attached hereto as Ex. 6. This mediation process was unsuccessful in resolving these claims.

      6.      On June 16, 2009, the Bankruptcy Court heard argument on Plaintiffs' Motion for Relief from the Stay. *See* Proposed Agreed Order on FLSA MDL Pls' Mot. for Relief from the Automatic Stay, Ex. 2. The Bankruptcy Court granted Plaintiffs limited relief from the stay to permit the parties to begin discovery. *Id*

      7.      On November 25, 2008, prior to Pilgrim's petition for bankruptcy, Plaintiffs moved this Court to amend their complaint to add four corporate officers of Pilgrim's who Plaintiffs allege are individually liable for unpaid overtime under the FLSA. *See* Pls.' Mot. for Leave to Amend

Compl. (MDL Dkt. 61-62). These individuals are Lonnie "Bo" Pilgrim, the company's co-founder, controlling shareholder and Senior Chairman of the Board; Lonnie Ken Pilgrim, Chairman of the Board; J. Clinton Rivers, former President and Chief Executive Officer; and Jane T. Brookshire, Executive Vice President of Human Resources. *Id.*

8. On January 12, 2009, Pilgrim's moved the Bankruptcy Court to extend the automatic stay to the individual defendants, to which Plaintiffs filed an objection on February 3, 2009, (Bankr. Dkt. No. 735), attached as Ex. 7. On February 4, 2009, The Official Committee of Unsecured Creditors filed a response to Pilgrim's Motion to extend the automatic stay, which takes the position that the FLSA officer and director actions should be permitted to proceed. Resp. of the Official Committee of Unsecured Creditors Concerning Debtor's Mot. Extending the Automatic Stay, ¶¶ 4-5, (Bankr. Dkt. No. 767).

9. On February 11, 2009, the Bankruptcy Court denied Pilgrim's motion to extend the stay to the officers and directors at issue in Plaintiffs' action, without prejudice to Pilgrim's filing of an adversary proceeding to seek injunctive relief. Order, Mar. 3, 2009, (Bankr. Dkt. No. 1031), attached hereto as Ex. 8.

### III. ARGUMENT

The original reasons the JPML identified for inclusion of the DOL action in this MDL proceeding remain valid, and thus remand of the DOL action is premature. *See, e.g., In re Integrated Resources, Inc. Sec. Litig.,* 851 F. Supp. 556, 562 (S.D.N.Y. 1994) (denying to grant a suggestion of remand because the factors based on common questions of fact relied on by the JPML for the original transfer remain valid). As the JPML explained in its initial transfer order establishing the MDL, "centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions . . . ; and conserve the resources of the parties, their counsel, and the judiciary." Initial Transfer Order, May 11, 2007,

(MDL Dkt. 1) at 2.  After briefing by the parties and a hearing on this matter, the JPML identified this Court as the appropriate tribunal to handle these related actions in light of its docket conditions and the company-wide collective action already pending here.  *See id.*

In subsequently transferring the DOL action to this Court over the objection of Pilgrim's and the DOL, the JPML concluded that:

> Regardless of any differences in legal theory, [the DOL action] still alleges that Pilgrim's Pride did not compensate workers for all hours worked in violation of the FLSA and seeks relief on a company-wide basis.  Inclusion of the present claims in MDL No. 1832 will have the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: (1) prevents repetition of previously considered matters; and (2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. (citation omitted).  The familiarity of the transferee judge with this docket and the underlying allegations will further the expeditious resolution of the litigation **taken as a whole** . . . .

DOL Transfer Order, 1:08-1011-HFB., Feb. 15, 2008, (Dkt. 1) (emphasis added).

The benefits of coordinated pretrial proceedings continue to be equally compelling today, notwithstanding Pilgrim's bankruptcy filing.  Substantial opportunities remain for coordinated discovery as set forth below.  Further, even in the absence of the opportunity for this Court to contemporaneously coordinate common discovery, the efficient resolution of the entire litigation is significantly enhanced by having this Court oversee the pretrial program, as the DOL and Plaintiffs' actions present overlapping factual and legal issues.

> A. **Remand is Premature where the Litigation will Benefit from Further Coordinated Proceedings.**

Only the JPML may remand a case transferred under § 1407.  *Wilson,* 451 F.3d 161, 165 n.5 (3d Cir. 2006).  A decision about whether to suggest remand to the JPML is in the Court's sound discretion.  *See Hockett*, 498 F. Supp. 2d at 38; JPML Rule 7.6(c) and (d).  The focus of this inquiry is on furthering the expeditious resolution of the "litigation **taken as a whole**" and ensuring "maximum efficiency for **all parties and the judiciary**," and not merely the interests of the parties

to the individual case in which remand is sought.[4]  Courts have granted remand prior to the conclusion of all pretrial proceedings, only when there was no efficiency gain by keeping the case before the transferee court.  *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, No. MDL 1014, 1998 WL 118060, at *13 (E.D. Pa. Jan. 12, 1998) (allowing remand only after virtually all case-wide coordinated discovery had been completed with only some case-specific discovery remaining).  Where the efficient and fair resolution of certain issues is likely to "require any particular experience that the transferee judge might have gained from supervising this litigation," remand is premature.  *Hockett*, 498 F. Supp. 2d at 38.  A party seeking remand to the transferor court has the burden of establishing that such remand is warranted.  *In re Integrated Resources, Inc.,* 851 F. Supp. at 562.

### B. Substantial Opportunities Exist for the Coordination of Common Discovery and Pretrial Matters.

As the Bankruptcy Court has authorized the parties to begin discovery in Plaintiffs' actions, substantial opportunities exist for coordinated discovery with the DOL action, which will maximize efficiency for all parties and the judiciary.  Courts have long recognized that remand is premature where common discovery or other pretrial matters remain.  *See Wilson*, 451 F.3d at 171-72 (denying a petition for writ of mandamus on denial of motions to remand where coordinated pretrial proceedings had not yet concluded and potential for issues common to many cases continue to arise); *In re Four Seasons Sec. Laws Litig.,* 342 F. Supp. 758, 760 (J.P.M.L. 1972) (denying remand as premature "common discovery should be completed before remand of plaintiff's claim could be considered").

---

[4] See Transfer Order, Dkt 1; *Hockett,* 498 F. Supp. 2d at 38 (the decision of whether to suggest remand should be guided by "whether one option is more likely to 'insure the **maximum efficiency for all parties and the judiciary**.") (emphasis added) (*quoting In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F. Supp. 254, 256 (J.P.M.L. 1976)).

The DOL's and Plaintiffs' actions are all in the initial stages of discovery. This Court has already considered the issues relevant to discovery and issued a comprehensive discovery order. Discovery Order, Nov. 25, 2008 (MDL Dkt. 60). Both the DOL's Action and Plaintiffs' action challenge Debtors' ***company-wide policy*** of not compensating its workers for time they are required to spend putting on, taking off and cleaning the safety and sanitary gear that they must wear to perform their jobs. *See* DOL Am. Comp., Oct. 24, 2007, at 1, 3-4 (MDL Dkt. 8); Secretary's Brief, Ex. 4; Pls.' Consolidated Collective Action Compl., July 20, 2007, at 23, (MDL Dkt. 21). The DOL seeks injunctive relief concerning Pilgrim's company-wide practices, and Plaintiffs seek monetary damages to compensate workers for unpaid overtime. *See* DOL Am. Compl. (Dkt. 8). The central issue in dispute in both the DOL's and Plaintiffs' litigation is whether the time workers spend donning, doffing and cleaning, safety and protective equipment is compensable work. The resolution of this question will turn upon facts concerning whether these activities are necessary to the principal work performed, controlled or required by the employer, and pursued for the benefit of the employer. Plaintiffs' affirmative discovery efforts will overlap with those of the DOL in its parallel action as both will seek common information to establish Pilgrim's liability for unpaid wages, such as on Pilgrim's policies and practices concerning timekeeping, and the equipment workers were required to put on and take off under company policy, federal law or the nature of the job, and other similar evidence. Having the same court resolve any disputes over the scope of discovery will achieve efficiencies -- whether or not discovery is conducted contemporaneously.

  **C.**  **Benefits of Coordinated Pretrial Proceedings Extend to All Pretrial Proceedings**

Courts have applied the Supreme Court's guidance in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998), that "coordinated and consolidated" pretrial proceedings should be broadly interpreted to serve the purposes of § 1407(a) when there is a "'common core' that makes it more just or efficient that the cases continue to be handled in one

8

court or before one judge." *Hockett,* 498 F. Supp. 2d at 36-38 (quoting *Lexecon*, 523 U.S. at 34). "To be coordinated, it is not necessary that common issues are being contemporaneously addressed" or that "any one issue be common to all cases, so long as issues 'overlap.' *Patenaude*, 210 F.3d at 143-44 (citing *Lexecon*, 523 U.S. at 34). Courts have therefore denied requests for suggestion of remand even where all discovery had been completed, recognizing that the MDL court's familiarity with the issues foster efficiencies in deciding summary judgment motions and resolving other pretrial issues. *See, e.g., Hockett*, 498 F. Supp. 2d at 36-38; ("much more efficient to proceed to summary judgment motions in this Court rather than to ask the transferor court to play catch-up").

"The test is not whether proceedings on issues common to all cases have concluded; it is whether the issues overlap, either with MDL cases that have already concluded or those currently pending." *Wilson*, 451 F.3d at 170. Thus, in the event the Bankruptcy Court were to ultimately decide to oversee certain aspects of Plaintiffs' action, such as some aspect of discovery or an estimation hearing, the Court's continued oversight of the DOL proceedings would nonetheless promote the efficiency goals of the MDL. Moreover, even in the unlikely event that discovery in the DOL's and Plaintiffs' cases could not be coordinated, continued oversight over the pretrial proceedings would prevent inconsistent rulings on summary judgment and other pretrial motions, as well as avoid the duplication of effort by multiple courts considering the same legal and factual issues. *See, e.g.*, *In re Four Seasons Sec. Laws Litig.*, 361 F. Supp. 636, 838 (J.P.M.L. 1973) (remand inefficient where transferee court has gained familiarity with issues important to the case, and where remand would simply duplicate those efforts). Regardless, as the roles of the respective courts in overseeing discovery and ultimately resolving Plaintiffs' claims has yet to be determined, the Request for Remand is indisputably premature.

### D. DOL Action May be Coordinated with Plaintiffs' Claims Against Individual Corporate Officers as Defendants.

Regardless of which court ultimately resolves Plaintiffs' claims against Pilgrim's, the DOL action may be coordinated with Plaintiffs' claims against the individual defendants, should this Court grant Plaintiffs' motion to amend their complaint to add four corporate officers of Pilgrim's who Plaintiffs' allege are liable for unpaid overtime under the FLSA. *See* Pls.' Mot. to Am. Compl. (MDL Dkt. 61-62). Under the FLSA's broad definition of "employer," these individuals may be held personally liable for compliance with overtime requirements as employers under the FLSA. *See* 29 U.S.C. § 203(d).

By its terms, the automatic stay of Section 362(a) of the Bankruptcy Code, applies to proceedings "against the debtor" only. *See* 11 U.S.C. § 362 (a)(1). Pilgrim's bankruptcy petition does not automatically stay proceedings against the four individuals who Plaintiffs have requested leave to join as additional defendants as the filing of a bankruptcy petition by one debtor does not stay a case as to co-defendants. *Harry & Jeanette Weinberg Found., Inc. v. Alleco, Inc. (In re Croyden Assocs.),* 969 F.2d 675, 677 (8th Cir. 1992) (the protection of the automatic stay is not available to non-bankrupt co-defendants "even if they are in a similar legal or factual nexus with the debtor"); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983).

Indeed, on February 11, 2009, the Bankruptcy Court denied Pilgrim's motion to extend the stay to Plaintiffs' action, without prejudice to Pilgrim's ability to file an adversary proceeding to extend the stay. Order, Mar. 3, 2009, (Bankr. Dkt. No. 1031), Ex. 7. Accordingly, the opportunity for coordination of the DOL action and Plaintiffs' claims against the individual defendants, provide a further reason that efficiencies will be achieved through this Court's oversight of the DOL action.

### E.     JPML Has Already Rejected Arguments in Support of Request for Remand.

Rather than acknowledge the significant opportunities for coordinated pretrial proceedings, the Request for Suggestion of Remand focuses instead on the convenience of counsel and the parties to the DOL action, as that action will include discovery specific to the Dallas, Texas plant. *See* Request for Remand, Feb. 26, 2009, at 5-6 (MDL Dkt. 66).  However, the JPML has already found those same arguments unpersuasive in denying Pilgrim's and the DOL's earlier motions to vacate the transfer order, finding the benefits of coordination remained despite any differences presented by the actions.  DOL Transfer Order, Feb. 15, 2008, 1:08-1011-HFB, Dkt. 1 at 2.

Finally, as the Request for Suggestion of Remand recognizes, in determining the appropriateness of remand, the JPML considers whether there is any objection to the remand  *See* Multidistrict Litigation Manual, § 10.6, Remand Procedures, at 280 (2008) ("one factor that may favor remand of an action or all action is the lack of opposition of any party to remand").  Here, the Plaintiffs in all private actions object to the remand of the DOL, given the significant efficiencies that may be achieved through coordinated proceedings.

### IV.     CONCLUSION

For the above reasons, the Request for Suggestion of Remand should be denied, so that the benefits contemplated by the JPML in transferring the DOL action this Court may be achieved.

June 29, 2009                                              Respectfully submitted,

|  |  |
|---|---|
| /s/ Joseph M. Sellers | Kelly Tidwell, Arkansas Bar #88061 |
| Joseph M. Sellers | *Liaison Counsel for Plaintiffs* |
| *Lead Counsel for Plaintiffs* | Nick Patton, Arkansas Bar #63034 |
| Jenny R. Yang | Patton Tidwell & Schroeder, L.L.P. |
| Cohen Milstein Sellers & Toll PLLC | 4605 Texas Boulevard |
| 1100 New York Avenue, NW Suite 500 | P.O. Box 5398 |
| Washington, DC  20005 | Texarkana, Texas 75505-5398 |
| (202) 408-4600 | (903) 792-7080 |
| (202) 408-4699 Facsimile | (903)-792-8233  Facsimile |

George Chandler
Kirk Mathis
Law Offices of George Chandler
P.O. Box 340
Lufkin, TX 75902-0340
(936) 632-7778
(936) 632-1304 Facsimile

A. Craig Eiland
Texas Bar No. 06502380
2211 Strand, Suite 201
Galveston , TX 77550
(409) 763-3260
(409) 763-8154 Facsimile

Peter H. Burke
William Todd Harvey
Burke, Harvey & Frankowski, LLC
2151 Highland Ave.
Suite 120
Birmingham, AL 35205
205-930-9091

Robert L. Salim
1762 Texas St.
Natchitoches, LA 71457
(318) 352-5999
(318) 352-0303  Facsimile

Richard Celler
Morgan & Morgan
7450 Griffin Road
Suite 230
Davie, Florida 33314
877-435-9243 – phone
954-333-3515 – fax

David Moskowitz
Deirdre Johnson
Morgan & Morgan
191 Peachtree Street, NE
Suite 4200
Atlanta, GA 30303
(877) 989-9990
(404) 965-8812 Facsimile

Philip R. Russ
2700 South Western #1200
Amarillo, Texas 79109
(806) 358-9293
(806)358-9296  Facsimile

William S. Hommel
Texas Bar No. 09934250
1402 Rice Road
Suite 200
Tyler, TX 75703
(903) 596-7100
(903) 792-8233

Preyesh Maniklal
Maniklal & Dennis, LLP
3250 Peachtree Industrial Blvd., Suite 101
Duluth, GA 30096
(404)-875-0630

Robert Camp
Cochran Firm, P.C.
505 N. 20th Street
Suite 825
Birmingham, AL  35203

Peter Winebrake
The Winebrake Law Firm, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
(215) 884-2491
(570) 343-4308
(215) 884-2492  Facsimile

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiffs' Objection to Agreed Request for Suggestion of Remand of DOL Litigation was served this 29th day of June, 2009, upon all counsel of record via the Court's ECF system, including the following:

John B. Brown
Gardere Wynne Sewell, LLP
1601 Elm St
3000 Thanksgiving Tower
Dallas, TX  75201
*Lead Counsel for Defendant*

                          /s/  Jenny R. Yang_____
                                Jenny R. Yang