IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| *In Re: Hilda L. Solis v. Pilgrim's Pride Corp.*, Civil Action No. 1:08-CV-01011 | MDL DOCKET NO. 1:07-CV-1832 |

## CONSENT JUDGMENT

Plaintiff, Secretary of Labor, filed her complaint against defendant Pilgrim's Pride Corporation in the United States District Court for the Northern District of Texas, Dallas Division, Case No. 3:07-CV-1 352-B. The case is currently pending in MDL Docket No. 1:07-CV-1832 in the United States District Court for the Western District of Arkansas, El Dorado Division. Defendant, without admitting it has violated any provision of the Fair Labor Standards Act of 1938, has agreed to the entry of judgment without contest. It is, therefore, upon motion of the plaintiff and for cause shown,

ORDERED, ADJUDGED and DECREED that defendant, its officers, agents, servants, employees and all persons in active concert or participation with them be and they hereby are permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

A.  1.  Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the

employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Each hourly paid processing employee who works on the production line during a production shift will be paid for all hours worked from the start of his or her first principal activity of the work day until the end of the last principal activity of his or her work day, with the exception of any time taken for bona fide meal breaks or bona fide off-duty time. A principal activity is any activity that is integral and indispensable to the employee's work.

3. Defendant agrees to record and compensate as hours worked the donning, doffing and sanitizing of any clothing or equipment (excluding such items that the employee has the option and the ability to put on at home) that is required for processing employees who work on the production line by law, the employer, or the nature of the work, and not merely a convenience to the employee and not directly related to the specific work.

4. This Section A shall become fully effective with respect to all of Defendant's non-union plants within 24 months of the entry of this Judgment. During the interim period, Defendant shall pay each employee employed on the production line during a production shift at any non-union plant with two meal breaks that does not meet the requirements of this Section A, an additional amount of compensation equivalent to the time, calculated on a per-day basis, used to determine the backpay compensation paid to the employees of the Dallas plant set forth in Section D of this Judgment. Further, during the interim period, Defendant shall pay each employee employed on the production line during a production shift at any non-union plant with one meal break that does not meet the requirements of this Section A, an additional amount of compensation equivalent to 82% of the time, calculated on a per-day basis, used to determine the

backpay compensation paid to the employees of the Dallas plant set forth in Section D of this Judgment. An overtime premium will be added to these amounts if appropriate.

5. Although time spent in changing clothes or washing at the beginning or end of each workday may be excluded from measured working time under 29 U.S.C. § 203(o) by the express terms of or by custom or practice under a bona fide collective-bargaining agreement, this Section A, subparagraphs 1-3 (but not Section A, subparagraph 4) shall become fully effective with respect to all of Defendant's union plants within 24 months of the entry of this Judgment by request of the applicable union.

Defendant shall implement the requirements of Section A, subparagraphs 1-3 in accordance with this subparagraph 5 solely for those union plants where the applicable union requests, in writing, that a particular plant or plants be included under the terms of this Section A ("Union Notice") no later than the thirtieth (30th) day after notice of this Judgment. The Union Notice must be sent in writing to the following:

John B. Brown
GARDERE WYNNE SEWELL LLP
1601 Elm Street
3000 Thanksgiving Tower
Dallas TX 75201
214-999-3000
214-999-4667 (Facsimile)

AND

Brian L. Hurt
Attorney for Plaintiff
U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3100
Facsimile: (972) 850-3101

Defendant agrees to provide a copy of this Judgment to all of the applicable unions (with a courtesy copy to Plaintiff's counsel) at each of its union plants immediately upon the execution of the Judgment by Plaintiff and Defendant. Defendant will also provide Plaintiff with a list, including the addresses and phone numbers, of each local union that represents production line employees at one or more of Defendant's union plants.

B.  Defendant shall not, contrary to Sections 11(c) and 1 5(a)(5) of the Act, 29 U.S.C. § 211(c) and 21 5(a)(5), fail to make, keep and preserve adequate and accurate records of the wages and hours of each employee as prescribed by regulations issued by the Administrator of the Employment Standards Administration, United States Department of Labor (29 C.F.R. Part 516). Such records will accurately capture all hours worked by each employee as prescribed by Regulation found at 29 C.F.R. Part 516.

C.  Defendant agrees to use its best efforts to maintain future compliance with the Fair Labor Standards Act, as amended. Should a federal court of appeals, after the date of this decree, render a final, published and precedential opinion in a case under the FLSA involving donning and doffing practices which are not materially distinguishable from Defendant's practices at facilities within that circuit, then Defendant, in any such facilities within that circuit, shall be entitled to act consistent with that circuit court's decision until it is reversed, overruled or otherwise nullified. The Plaintiff reserves the right to monitor Defendant's future compliance with the Act and this Consent Judgment through its compliance program and authority. Should the Plaintiff detect any non-compliance, the Plaintiff agrees to provide notice of such non-compliance to the Defendant and an opportunity to correct any deficiency prior to taking any enforcement action.

D. Defendant is hereby restrained from withholding payment of back wages to each hourly paid processing employee who works on the production line at the Dallas plant and will pay to plaintiff overtime compensation in the total amount of $1,001,438.07, which the parties agree, and the Court finds, is due under the Act to Defendant's employees named in the attached Exhibit A for the period since August 6, 2005 to October 17, 2009.

It is further ORDERED, that plaintiff shall promptly proceed to make distribution of such unpaid compensation, less the employees' share of income tax and social security deductions, to defendant's employees or to their estate if necessary. In the event that any of said money cannot be distributed within the period of three (3) years hereof because of inability to locate the proper person, or because of their refusal to accept such sums, the plaintiff shall deposit such funds with the U.S. Treasury.

It is further ORDERED that the right of any and all of defendant's processing employees who work on the production line at the Dallas facility but are not specifically named in Exhibit A attached hereto to bring an action under Section 16(b) of the Fair Labor Standards Act 29 U.S.C. § 216(b) shall be restored and that neither the filing of this action nor the entry of this judgment shall be a bar to such action and that the statute of limitations in such action shall be deemed tolled during the pendency of this action. The parties agree that the instant action is deemed to cover the period from August 6, 2005 to October 17, 2009.

It is further ORDERED that each party agrees to bear his or her own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding,

including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 1st day of February, 2010.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

**FEB 0 1 2010**

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk